# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **WILLMOT KAECK, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:22-cv-00180 |
| ) | Judge Trauger |
| **KILOLO KIJIKAZI**, *Acting Commissioner* ) | |
| *of Social Security,* ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

Willmot Kaeck, Jr., a Tennessee resident, filed a pro se complaint for review of a social security disability or supplemental income decision. (Doc. No. 1.) The plaintiff also filed an application to proceed without prepaying fees or costs. (Doc. No. 2.) Because the plaintiff sufficiently indicates that he cannot pay the full civil filing fee in advance without "undue hardship," *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001), the application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

The court must review and dismiss any complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and should be liberally construed. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the plaintiff must

comply with the Federal Rules of Civil Procedure and meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *see also Brown v. Mastauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.").

I. Legal Standard

On initial review, the court applies the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The court views the complaint in the light most favorable to the plaintiff and takes all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). The court then determines if the plaintiff's factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plausible claim pleads factual content that allows the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," and therefore it "must indicate 'more than a sheer possibility that a defendant has acted unlawfully.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Because this obligation requires more than labels and conclusions, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Furthermore, the plaintiff may not rely on conclusory allegations, unwarranted factual inferences, or "legal conclusion[s] couched as factual allegation[s]." *Id.*; *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

II.  Factual Allegations

On October 13, 2021, a federal district court in the Northern District of California remanded the plaintiff's disability insurance benefits claim for reconsideration. (Doc. No. 1-1 at 10.) The Social Security Administration Appeals Council directed an administrative law judge ("ALJ") to further evaluate the plaintiff's symptoms and impairments; give additional consideration to medical source opinions and prior medical findings; and obtain further evidence from a vocational expert. *Id*. at 10-11. On November 21, 2021, the ALJ denied the plaintiff's application. [1] *Id*. at 8-23. The complaint alleges that the ALJ's decision was erroneous. (Doc. No. 1 at 3.) Specifically, the plaintiff alleges that the ALJ: (a) failed to follow the remand order; (b) "cherry-picked, ignored, and misconstrued evidence" and relied on incorrect facts to support a less-restrictive residual functional capacity ("RFC") determination that is not consistent with expert evidence; (c) ignored record evidence documenting severe impairments; (d) misapplied regulations regarding the role of objective findings; and (e) failed to provide legitimate reasons based upon the record to support the RFC determination and explain the decision. *Id*.

III.  Analysis

Liberally construed, the plaintiff's allegations reflect that he is asserting at least two colorable claims. First, the complaint alleges that the ALJ treated the plaintiff unfairly by failing to follow the remand order. The principles of due process "apply to Social Security proceedings," *Robinson v. Barnhart*, 124 F. App'x 405, 410 (6th Cir. 2005) (citing *Richardson v. Perales*, 402 U.S. 389, 401-02 (1971)), and due process requires that "a social security hearing be 'full and

---

[1] The ALJ advised the plaintiff that he was not required to submit written exceptions to the Appeals Council. (Doc. No. 1-1 at 8.) The ALJ explained that, in the absence of such a filing, the decision would become final in sixty-one days, and the plaintiff would thereafter have sixty days to file a new civil action in federal court. (Doc. No. 1-1). Plaintiff did not submit exceptions to the Appeals Council. The plaintiff therefore contends that the ALJ's decision became final sixty-one days later, on January 21, 2022, and this action was timely filed on March 14, 2022.

fair.'" *Flatford v. Chater*, 93 F.3d 1296, 1303 (6th Cir. 1996) (quoting *Perales*, 402 U.S. at 401-02). The Court considers three factors: "'1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedure used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'" *Id*. at 1305-06 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334 (1996)). Under the first element, the plaintiff adequately alleges a "private interest" in "a fair determination of [his] qualification (or lack thereof) for social security disability benefits and a meaningful opportunity to present [his] case." *Adams v. Massanari*, 55 F. App'x 279, 286 (6th Cir. 2003) (quoting *Flatford*, 93 F.3d at 1306). The court infers, under step two, that the plaintiff alleges the ALJ allegedly created an unreasonable risk of an erroneous deprivation of benefits by not following remand instructions. *See Adams*, 55 F. App'x at 279 (explaining that the second factor concerns whether the procedures deprived the claimant of an "interest in the fair determination of her eligibility for benefits"). The third factor – the Government's interest – cannot be fully considered until a later juncture. On balance, however, the plaintiff plausibly alleges that he is entitled to relief for a violation of due process on remand.

Second, the plaintiff states a colorable claim that the ALJ's decision is not supported by substantial evidence. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012). "[T]he ALJ's findings are conclusive as long as they are supported by substantial evidence." *Foster*, 279 F.3d at 353 (citation omitted). "'Substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1068 (6th Cir. 2013) (citing *Kolesar v. Youghiogheny & Ohio Coal Co.*, 760 F.2d 728, 729 (6th Cir. 1985); *Richardson*, 402 U.S. at 401); *see also Foster*, 279 F.3d at 353

4

(explaining that "substantial evidence" means "more than a mere scintilla"). If a determination is supported by substantial evidence, it must stand regardless of whether a court might have resolved the disputed issues differently in the first instance. *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 750 (6th Cir. 2011) (citing *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854-55 (6th Cir. 2010)).

A decision is not supported by substantial evidence when "the ALJ fails to consider all of the evidence under the proper legal standard or there is insufficient evidence to support the ALJ's finding." *Big Branch*, 737 F. 3d at 1069. Moreover, a decision is not supported by substantial evidence if an ALJ fails to "adequately explain why [he] weighed the evidence as he did," *id*. at 1069, or he reaches conclusions regarding expert evidence that are not supported by the evidence. *Id*. at 1073 (explaining that the court defers to the ALJ regarding expert opinions when "his conclusions are supported by substantial evidence"); *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009) (concluding that decision was not entitled to substantial weight because the ALJ had improperly discounted expert testimony that the claimant was unable to perform jobs for medical reasons). At a minimum, the plaintiff alleges that the ALJ failed to follow instructions of the Appeals Council; failed to consider record evidence and made errors of fact relevant to the analysis; improperly applied regulations and other legal standards to the facts; insufficiently explained the basis of the decision; and failed to afford appropriate weight to expert testimony and other record evidence. Although the court is not yet in a position to consider the full administrative record, these allegations are sufficient to establish a plausible right to relief.

IV.     Conclusion

Accordingly, the court concludes that the complaint states colorable claims for review of the ALJ's adverse benefits decision on remand, including that the ALJ's decision violated due process and is not supported by substantial evidence. The court's determination that the complaint

5

states colorable claims for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude the defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

The Clerk of Court is directed to **ISSUE PROCESS** to the United States Attorney for this district, the Social Security Administration, and the United States Attorney General. The U.S. Marshal's Service shall **SERVE** the Social Security Administration in accordance with Federal Rules of Civil Procedure 4(c)(3) and 4(i). This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court.

The plaintiff must keep the court informed of his current address at all times. Noncompliance may result in dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website.[2]

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[2] *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.