IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLMOT KAECK, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:22-cv-00180 |
| | )   Judge Aleta A. Trauger |
| DR. KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM & ORDER**

Before the court is the plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), seeking an award of fees in the amount of $13,299.10, representing 57.45 hours of attorney work at $231.49 per hour. (Doc. No. 30.)

In her Response, the defendant, Acting Commissioner of Social Security Dr. Kilolo Kijakazi ("Commissioner"), acknowledges that an EAJA fee award is appropriate in this case, and she does not object to the requested hourly rate. (Doc. No. 31, at 1.) However, she argues that the number of hours expended on this case is unreasonable, as a result of which the total amount of fees sought is also unreasonable. (*Id.* at 3.)

For the reasons set forth herein, the court will grant the motion in part and award fees in the total amount of $10,417.50.

**I.    PROCEDURAL BACKGROUND**

The plaintiff filed an application for Title XVI supplemental security income ("SSI") and Title II disability insurance benefits ("DIB") on November 1, 2017. (Doc. No. 18, Administrative

Record ("AR") 140.[1]) Both claims were denied at the initial level, but, on reconsideration, the plaintiff's SSI claim was approved and his DIB claim was denied. (AR 119, 139–40.) The plaintiff appealed the denial of DIB on May 7, 2018. (AR 12.)

A hearing was conducted before Administrative Law Judge ("ALJ") Arthur Zeidman on February 12, 2019.[2] The ALJ issued an unfavorable opinion on April 2, 2019. (AR 12, 15.) The Appeals Counsel denied review (AR 1), and the plaintiff filed his first lawsuit under 42 U.S.C. § 405(g) in connection with his DIB claim in the United States District Court for the Northern District of California on June 5, 2020 (*see* AR 1055). The plaintiff and the Commissioner entered a Joint Stipulation for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), signaling an agreement that, on remand, the Appeals Counsel would remand the matter to "an" ALJ with instructions that the ALJ "reconsider the severity of the claimant's impairments; reevaluate the claimant's symptoms consistent with 20 C.F.R. § 404.1529 and SSR 16-3p; reconsider the medical opinions of record, consistent with 20 C.F.R. § 404.1520c; reassess the claimant's residual functional capacity consistent with 20 C.F.R. § 404.1545 and SSR 96-8p; and proceed with the sequential evaluation, as necessary." (AR 1061–62.) The district court entered an Order remanding the matter to the Commissioner for proceedings "consistent with the terms of the parties' Joint Stipulation" (AR 1060), and the Appeals Counsel subsequently remanded the case to the same ALJ for a new hearing. (AR 1066–70.)

In the interim, the plaintiff moved to Dickson, Tennessee, where he now resides. (AR 952–53.) ALJ Zeidman conducted a new hearing on October 13, 2021 and, on November 21, 2021,

---

[1] Page number references to the administrative record are consistent with the Bates stamp number at the lower right corner of each page.

[2] Plaintiff's counsel was appointed as his representative on July 2, 2018 and, therefore, appears to have represented him from the time of the initial appeal. (AR 171.)

once again issued an unfavorable opinion. (AR 925.) The plaintiff filed this action on March 14, 2022. The Commissioner answered (Doc. No. 17) and filed the 1300-page Administrative Record.

The plaintiff then filed his Motion for Judgment on the Administrative Record and 26-page supporting Memorandum. (Doc. No. 23.) Less than two weeks later, the Commissioner filed an unopposed Motion for Entry of Judgment Under Sentence Four, 42 U.S.C. § 405(g), along with a supporting Memorandum, requesting that the ALJ's decision be reversed and that the case be remanded to the Commissioner for further consideration. (Doc. Nos. 26, 27.) The Commissioner explains in her Memorandum that "careful review" of the record revealed that remand was necessary for further evaluation of the plaintiff's subjective allegations and to further account for possible limitations in the residual functional capacity finding. (Doc. No. 27, at 1.) The court entered an Order reversing the ALJ's decision and remanding the case to the agency for further consideration, and judgment was entered in favor of the plaintiff. (Doc. Nos. 28, 29.)

The plaintiff thereafter filed his timely Motion for Attorney's Fees. As noted, the Commissioner objects to the amount of fees sought as unreasonable.

## II. THE MOTION FOR ATTORNEY'S FEES

In support of his Motion, the plaintiff submits a Memorandum and the Declaration of Counsel. (Doc. Nos. 30-1, 30-2.) The plaintiff represents that (1) he is an eligible party under 28 U.S.C. § 2421(d)(2)(B); (2) he is a prevailing party by virtue of the court's reversal of the ALJ's decision and remand for further evaluation of his claims and a new decision; (3) the Commissioner's position was not substantially justified; (4) no special circumstances make the award unjust, *id.* § 2421(d)(1)(A); and (5) he seeks fees at a reasonable rate for a reasonable expenditure of time, *id.* § 2421(d)(2)(A). (Doc. No. 30-1.)

Counsel avers that he has represented claimants in Social Security cases since 2018 and has achieved a remand in each of the three cases in which he has sought federal review of the

Commissioner's final decision. (Doc. No. 30-2, at 1.) He attests that this case took considerably more time than most cases, because the Administrative Record encompasses two ALJ hearings, two ALJ decisions, and a prior district court remand. (*Id.* at 1–2.)

Counsel does not seek compensation for any time spent by a legal assistant on the case or for his time keeping his client apprised of the status of the case or receiving and reviewing orders of the court. He also does not seek compensation for drafting the Motion for Attorney's Fees. He does, however, request compensation for .9 hours spent in requesting extensions of filing deadlines, .5 hours to review and "sav[e]" the Answer and Administrative Record, and .25 hours on the administrative task of filing the Motion for Judgment on the Record. (Doc. No. 30-2, at 3.) He spent 2.75 hours reviewing portions of the Administrative Record, including the ALJ decisions and the district court filings, and then an additional 25 hours doing research, reviewing the record, taking notes, and drafting the Statement of the Case portion of his Motion for Judgment on the Record, another 18 hours to write the Statement of Errors, and another 5.25 hours to draft the motion itself and edit the memorandum. (*Id.* at 3–4.)

The Commissioner contests the number of hours for which the attorney seeks compensation, arguing that 57.45 hours of attorney time is not reasonable in this case. She specifically objects to the .9 hours of time spent on motions for extension of time, on the basis that the Commissioner's actions did not cause the plaintiff's need to seek extensions of time. (Doc. No. 31, at 2.) She also characterizes plaintiff's counsel's billing records as "bulk bill[ing]" 9 hours on July 9, 2022, 7 hours on July 10, 2022, 8 hours on July 16, 2022, and 10 hours on July 17, 2022, protesting that counsel's description of this time is not sufficiently itemized. (*Id.* (citing Doc. No. 30-2, at 4).) And she objects that 21.5 hours to "review the administrative record" is excessive in light of the fact that plaintiff's representative represented her at the administrative level as well.

(*Id.* at 2–3.) She requests that plaintiff's counsel be compensated for no more than 30 hours, "consistent with the lower range of average time for Social Security cases." (*Id.* at 3.) She maintains that it would be reasonable to award fees in the amount of $6,944.70, based on a reasonable total of 30 hours at the rate of $231.49 per hour.

### III. ANALYSIS

#### A. The EAJA Requirements

To recover attorney's fees under the EAJA, a plaintiff in a Social Security case must show that: (1) he is a "prevailing party"; (2) the government's opposing position was without substantial justification; and (3) no special circumstances warrant denying relief. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014); 28 U.S.C. § 2412(d)(1)(A). A district court has broad discretion in determining whether fees should be awarded under the EAJA. *Id.* Once a court makes the threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award. *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016).

#### B. Lodestar Calculation

The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gisbrecht v. Barnhart*, 535 U.S. 789, 801–02 (2002).

##### 1. Reasonable Hourly Rate

The plaintiff here requests fees based on an hourly rate of $231.49. Under the EAJA, effective March 29, 1996, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The plaintiff here seeks to adjust the rate based on an increase in the cost of living. In requesting an increase in the hourly-fee rate based on an increase in the cost

of living, "Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). The Sixth Circuit "has stressed that . . . the [EAJA's] statutory rate is a ceiling and not a floor" and that "the district courts [should] carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

The defendant does not dispute the reasonableness of the requested hourly rate, which counsel states is the fee determined by the Ninth Circuit Court of Appeals, based on the cost of living adjustment in the first half of 2022. He also states that the two ALJ hearings took place in Oakland, California, within the Ninth Circuit, and that the non-profit agency that employs plaintiff's counsel is based in nearby Berkeley, California. The plaintiff, however, is in Tennessee, and the proceedings for which he seeks attorney's fees took place in this court, not in California. An applicant for attorney's fees under the EAJA is required to show that the "prevailing market rate" in the local legal community exceeds the statutory cap. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). To do this, the plaintiff generally must "produce satisfactory evidence . . . that the requested rates are in line with those *prevailing in the community* for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)) (emphasis added); *see also* 28 U.S.C. § 2412(d)(2)(A) (the amount of EAJA fees "shall be based upon prevailing market rates for the kind and quality of the services furnished"). Moreover, district courts are "to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." *Begley*, 966 F.2d at 200.

The plaintiff has not provided adequate support for the requested hourly rate. The court, however, in the interest of judicial efficiency, notes that courts in this district have recently found hourly rates ranging from $200 to $229 to be reasonable, based on adjustments for inflation. *See,*

*e.g.*, *Stanley v. Kijakazi*, No. 3:21-cv-0599, 2022 WL 4113680, at *2 (M.D. Tenn. Aug. 18, 2022) (awarding fees at the rates of $214.29 for work performed in 2021 and $229.05 for work performed in 2022), *report and recommendation adopted sub nom. Stanley v. Comm'r of Soc. Sec. Admin.*, No. 3:21-cv-00599, 2022 WL 4110530 (M.D. Tenn. Sept. 8, 2022) (Richardson, J.); *Moore v. Kijakazi*, No. 3:21-cv-0035, 2022 WL 2057765, at *2 (M.D. Tenn. June 6, 2022) (finding the plaintiff's requested rate of $209.25 per hour to be within the allowable EAJA hourly rate for work performed in 2021), *report and recommendation adopted sub nom. Moore v. Comm'r of Soc. Sec. Admin.*, No. 3:21-cv-00035, 2022 WL 2912187 (M.D. Tenn. July 22, 2022) (Richardson, J.); *Dodson v. Saul*, No. 2:20-cv-00040, 2021 WL 2809110, at *2 (M.D. Tenn. July 6, 2021) (Crenshaw, C.J.) (awarding fees at the rate of $212.86 for work performed in 2021, based on the Consumer Price Index). The court also takes judicial notice that the Consumer Price Index for All Urban Consumers, All-Items, ACPI-ALL, in July 2022 was 296.3, an increase of more than 8% from August of 2021. *See* https://www.bls.gov/news.release/cpi.t01.htm2 (accessed Sept. 16, 2022).[3]

Based on this data and the rates approved in this district, the court finds that an hourly rate of $225 to be reasonable and within the range of customary rates in 2022 in this district for the type of work performed.

---

[3] In *Dodson*, the court approved the rate of $212.86 for work performed in 2021 based on the Commissioner's representation that the maximum hourly rate for a particular year is determined using the average CPI from that year in the following formula, where x equals the maximum allowable hourly rate: $x/125 = CPI/155.7$ (March 1996 CPI). *See Dodson*, 2021 WL 2809110, at *2 (citing the Commissioner's brief, Doc. No. 35). Applying that formula here yields a maximum hourly rate of $237.88.

### 2. Reasonable Number of Hours Expended on the Litigation

"The party seeking an award of attorney fees has the burden of demonstrating the reasonableness of hours by providing a detailed documentation of the hours, and the opposing party has the burden of providing evidence against this reasonableness." *French v. Colvin*, No. 3:14-CV-138-PLR-HBG, 2015 WL 4496184, at *3 (E.D. Tenn. July 20, 2015) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). "Courts are obligated to prune unnecessary hours from fee petitions because '[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.'" *Conley ex rel. N.C. v. Comm'r of Soc. Sec.*, No. 1:12-cv-01367, 2013 WL 3280315, at *4 (N.D. Ohio June 27, 2013) (quoting *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)). In addition, "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . . ." *Hensley*, 461 U.S. at 434.

"The EAJA does not limit the amount of attorney's hours and only requires the attorney to submit all hours in an itemized statement." *Brusch v. Colvin*, No. 15-13972, 2017 WL 1279228, at *2 (E.D. Mich. April 6, 2017) (citing 28 U.S.C. § 2412(d)(1)(B)). Courts have typically found the average number of hours expended on Social Security cases to be somewhere between twenty to forty hours. *See, e.g.*, *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990) (quoting the district court's "opinion . . . that the average number of hours for . . . work on a social security case ranges from 30 to 40 hours); *Glass v. Sec'y of Health & Human Servs.*, 822 F.2d 19, 20 (6th Cir. 1987) (finding that the district judge was "very likely correct that twenty to thirty hours may well be the norm"). At the same time, the appellate court has counseled that the district courts should not "blindly accept counsel's assertion that a certain number of hours were spent working on a particular case" but must consider the "individual characteristics" of each case,

"including, but not limited to, the complexity of the case or the novelty of the issues," *Glass*, 822 F.2d at 21, 22. If a court rejects hours sought by plaintiff's counsel as unreasonable, the court "must identify the hours rejected and specify with particularity the reasons for their rejection." *Id.* at 22 (applying this standard in the context of a fee request under 28 U.S.C. § 406(a)).

Regarding the Commissioner's contention that the fee billing entries are insufficiently specific to allow her to address their reasonableness, the referenced time entries, are itemized as follows: "Review admin rec and write statement of the case" (9 hours); "Continue review of record and drafting statement of the case" (7 hours); and "Write statement of errors" (8 hours and 10 hours). (Doc. No. 30-2, at 3–4.) The court finds the records to be sufficiently itemized. It is clear that counsel reviewed the Administrative Record while drafting the Statement of the Case on July 9 and 10 and then drafted the Statement of Errors portion of his Memorandum on July 16 and 17.

However, some of the Commissioner's other objections are more persuasive. The court agrees that it would not be appropriate to award fees for the time spent on motions to extend deadlines or on administrative matters. This conclusion alone results in a reduction of 1.65 hours (.5 hours for reviewing and saving the Answer and Administrative Record; .25 hours for filing motion; and .9 for drafting motions for extension of time).

Aside from that, the court finds that the expenditure of 49.5 hours, all told, to research, draft, and edit the Motion for Judgment on the Administrative Record and supporting Memorandum to be excessive. The court acknowledges that the Administrative Record is lengthy and complex, but counsel should basically have been familiar with it and should not have needed more than 20 hours just to draft the Statement of the Case (summarizing the case history), in addition to more than 18 hours to draft his argument. In light of the court's experience and familiarity with the filing of similar motions in similar cases, the court finds that no more than 40

hours should have sufficed for researching and drafting of the Motion and Memorandum in their entirety. The court, therefore, will reduce the compensable time by an additional 9.5 hours.

In total, the court will award fees for a total of 46.3 attorney work hours (57.45 minus 1.65 and 9.5) and as reasonable under the particular circumstances of this case.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the plaintiff's Motion for Attorney's Fees under the EAJA (Doc. No. 30), seeking an award of attorney's fees in the amount of $13,299.10 (57.45 hours x $231.49 per hour), will be **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED**, insofar as the court awards a fee in the amount of $10,417.50 (46.3 hours x $225 per hour), and **DENIED** as to the remainder sought.

The Supreme Court has held that an EAJA fee is payable to the plaintiff as litigant, and that such payment may be subject to an offset to satisfy any pre-existing debt that the plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586, 594-98 (2010). Accordingly, the Commissioner **SHALL** pay the amount of $10,417.50, minus any offset amounts owed to the United States, by remitting payment to the plaintiff at plaintiff's counsel's business address.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge